UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

John Hearn

                     **Plaintiff**

-against-

Central Portfolio Control, Inc.

                     **Defendant**
_____

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 24 2011 ★
LONG ISLAND OFFICE**

Docket No.

SEYBERT, J.
BOYLE, M.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collector because the Defendant persistently telephoned the Plaintiff using prerecorded/artificial messages that failed to inform the Plaintiff of the Defendant's identity, and failed to give the Plaintiff the proper notices required by federal law; the Defendant also persistently utilized an automatic telephone dialing system and left prerecorded/artificial messages on the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for state law claims and the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Declaratory relief is available pursuant to 28 U.S.C. Section 2201, 2202 and New York State law. Venue in this District is proper in that the Defendant transacts business here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

4. Plaintiff, JOHN HEARN, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant CENTRAL PORTFOLIO CONTROL (hereinafter "CPC") is a business engaged in collecting debts in this state with its principal place of business located in the state of Minnesota. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

6. The alleged debt of Plaintiff was incurred for personal, family, or household services in that the debt is for a personal credit card utilized by the Plaintiff to purchase products and services for himself.

7. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

8. At all times relevant to this complaint, the Defendant owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. Section 153(14) that originated, routed, and/or terminated telecommunications.

9. The Defendants at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. Section 153(43).

10. The Defendants at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. Section 153(22).

11. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. Section 153(52), that existed as instrumentalities of interstate and intrastate commerce.

12. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

13. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

14. Plaintiff repeats paragraphs "1" through "13" as if fully restated herein.

15. The Plaintiff opened a credit card with a company called HSBC and incurred a debt to HSBC ("the debt").  At some point unknown to Plaintiff, Defendant alleges that a company called First Financial Investment Funds Holdings LLC (First Financial) acquired the right to collect the alleged debt.  Defendant alleges to be collecting the alleged debt for First Financial.

16. Within the one year immediately preceding the filing of this action, utilizing an automated telephone dialing system, Defendant telephoned the Plaintiff's cellular phone repeatedly and continuously in an attempt to collect the alleged debt.

17. Within the one year immediately preceding the filing of this action, the defendant left pre-recorded and artificial voice messages on the Plaintiff's cellular telephone voice mail.  The messages left included the following:

-- *Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn press 9 now. If you are not John Hearn please have them call 1-800 280-1565. If this is the wrong number press 8 now.*

-- *Hello this is Stewart Griffin calling with CPC for John Hearn. If this is John Hearn press 9 now. If this is not John Hearn, have them call Stewart Griffin at 1800-918-2295. Thank you.*

-- *Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn please press 9 now. If you are not John Hearn please have them call 1-800 315-2987. If this is the wrong number press 8 now.*

-- *Hi. This is an important call for John Hearn. If this is John Hearn, please press 1 now. If this is not John Hearn, please have them call 1-800-918-2295. Again our toll fee direct line is 1-800-918-2295. Thank you.*

*-- Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn please press 9 now. If you are not John Hearn please have them call 1-800 670-2632. If this is the wrong number press 8.*

*-- Hi. This is an important message. Please call us at 800-280-1565. Again we have an important message for you. Please call us at 800-280-1565. Thank you.*

*-- Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn press 9 now. If you are not John Hearn please have him call 1-800 670-1565. If this is the wrong number press 8 now.*

18. The Defendant telephoned the Plaintiff's cellular telephone more than 50 times utilizing an automatic telephone dialing system and/or leaving an artificial/prerecorded voice message for Plaintiff.

19. None of the messages left by the Defendant meaningfully identified the Defendant in violation of 15 USC 1692d(6).

20. None of the messages left by the Defendant informed the Plaintiff that Defendant was a debt collector, thereby violating 15 USC 1692e(11).

21. The Defendant's failure to meaningfully identify themselves when calling, and failure to disclose that they were a debt collector, was deceptive conduct intended to induce the Plaintiff into calling the Defendant back.

22. The Defendant's failure to meaningfully identify themselves is per se harassment under 15 USC 1692d(6).

23. The Defendant's failure to identify themselves as a debt collector is a per se violation of 15 USC 1692e and 15 USC 1692e(11).

## V. CAUSES OF ACTION UNDER THE FDCPA

24. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

25. The acts and omissions of the Defendant as described herein violate several provisions of the FDCPA including but not limited to the following:

  A. Defendant violated 15 U.S.C Section 1692e;

  B. Defendant violated 15 U.S.C. Section 1692e(10)

  C. Defendant violated 15 U.S.C. Section 1692e(11)

  D. Defendant violated 15 U.S.C. Section 1692d

  E. Defendant violated 15 U.S.C. Section 1692d(5)

  F. Defendant violated 15 U.S.C. Section 1692d(6)

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Within the one year immediately preceding the filing of this complaint and without the consent of the Plaintiff, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

28. Within the one year immediately preceding the filing of this complaint, and without the consent of the Plaintiff, the Defendant made numerous calls to the Plaintiff's cellular telephone and delivered an artificial/prerecorded voice message to the Plaintiff in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

29. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone. Even if consent had been given, Plaintiff withdrew such consent prior to Defendant calling.

30. The Defendant did not have the prior express consent of Plaintiff to use an artificial or pre-recorded voice to deliver a message to Plaintiff's cellular telephone. Even if consent had been given, Plaintiff withdrew such consent prior to Defendant calling.

31. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

32. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

33. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

34. The Defendant made at least 50 calls to the Plaintiff's cellular telephone in violation of the TCPA and C.F.R. as described herein.

## VII. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

35. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

36. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

37. The Defendant left messages on the Plaintiff's voice mail as a means to deceptively induce the Plaintiff into telephoning the Defendant. The Defendant purposefully obscured their identity and purpose for calling in an effort to trick the Plaintiff into calling the defendant.

38. As the Defendant used artificial/prerecorded messages, it is apparent that Defendant utilizes the above referenced deceptive practice in connection with the attempt to collect consumer debts from New York consumers. As such Defendant's actions have a broad impact on New York consumers at large.

39. The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy.

40. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from telephoning the Plaintiff's residence without properly identifying themselves and disclosing that they are a debt collector.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages;

2. Statutory damages under the FDCPA; GBL; and TCPA;

3. Costs and reasonable attorney's fees under the FDCPA; GBL; and TCPA

4. Treble damages;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

**DEMAND FOR JURY TRIAL**

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff