**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

| | | |
|---|---|---|
| John Hearn | **Plaintiff** | Docket No.  11 CV 897 (JS) (ETB) |
| -against- | | |
| Central Portfolio Control, Inc. and First Financial Investment Fund Holdings, LLC I; First Financial Investment Fund Holdings, LLC II; and First Financial Investment Fund Holdings, LLC III; | **Defendant** | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**TRIAL BY JURY DEMANDED** |

_____X

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

### I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collectors because the Defendants persistently telephoned the Plaintiff using prerecorded/artificial messages that failed to inform the Plaintiff of the Defendants' identity, and failed to give the Plaintiff the proper notices required by federal law; the Defendants also persistently utilized an automatic telephone dialing system and left prerecorded/artificial messages on the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter

"FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for TCPA claims and state law claims pursuant to 28 U.S.C. Section 1367. Additionally, the Court has jurisdiction based upon the provisions of 28 USC Sec. 1332 in that there exists complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Injunctive relief is available pursuant to New York state law. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff, JOHN HEARN, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant CENTRAL PORTFOLIO CONTROL (hereinafter "CPC") is a business engaged in collecting debts in this state with its principal place of business located in the state of Minnesota. The principal purpose of Defendant is the collection of

debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

6. Defendant FIRST FINANCIAL INVESTMENT FUND HOLDINGS I, LLC (hereinafter "First Financial" is a business engaged in collecting debts in this state with its principal place of business located in the state of Georgia. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). First Financial purchases the right to collect debts that are already in default, and then attempts to collect such debt.

7. Defendant FIRST FINANCIAL INVESTMENT FUND HOLDINGS II, LLC (hereinafter "First Financial" is a business engaged in collecting debts in this state with its principal place of business located in the state of Georgia. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). First Financial purchases the right to collect debts that are already in default, and then attempts to collect such debt.

8. Defendant FIRST FINANCIAL INVESTMENT FUND HOLDINGS III, LLC (hereinafter "First Financial" is a business engaged in collecting debts in this state with its principal place of business located in the state of Georgia. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). First Financial purchases the right to collect debts that are already in default, and then attempts to collect such debt.

9. The alleged debt of Plaintiff was incurred for personal, family, or household services in that the debt is for a personal credit card utilized by the Plaintiff to purchase products and services for himself.

10 At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

11. At all times relevant to this complaint, the Defendants have used, controlled, operated, or have directed, approved and/ or authorized the use of, "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

12. The acts and omissions of the Defendants alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

13. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all defendants herein jointly and severally.

## IV.  FACTUAL ALLEGATIONS

14. Plaintiff repeats paragraphs "1" through "13" as if fully restated herein.

15. The Plaintiff opened a credit card with a company called HSBC and incurred a debt to HSBC ("the debt").  Due to circumstances not relevant to this actions, Plaintiff was not able to timely pay such credit card and the debt went into default. At some point after the debt had gone into default, , Defendant First Financial acquired the right to collect the defaulted debt. 16. In May 2009 First Financial utilized the services of a debt collection company called Mercantile Adjustment Bureau, Inc. in an attempt to collect the debt from the Plaintiff. (hereinafter, Mercantile).

17. On or about May 8, 2009, on behalf of First Financial, Mercantile mailed the Plaintiff a letter. Said letter indicated that First Financial was attempting to collect the defaulted HSBC debt. Plaintiff received such letter.

18. On or about May 30, 2009, Plaintiff forwarded Mercantile a letter demanding that any attempts to collect the defaulted debt be made in writing and not via telephone. Mercantile received such letter on behalf of First Financial.

19. Following receipt of Plaintiff's May 30, 2009, First Financial stopped using Mercantile to pursue the defaulted debt and began using Defendant CPC to telephone Plaintiff, in direct contradiction to the instructions of Plaintiff.

20.  First Financial directed and authorized CPC to telephone the Plaintiff in an attempt to collect the debt.

21. Within the one year immediately preceding the filing of this action, utilizing an automated telephone dialing system, Defendant CPC telephoned the Plaintiff's cellular phone repeatedly and continuously in an attempt to collect the alleged debt. Such calls

were made on behalf of and on the direction of First Financial. Such calls were made in an attempt to collect the debt.

22. Within the one year immediately preceding the filing of this action, the defendant CPC, on behalf of, and at the direction of First Financial, left pre-recorded and artificial voice messages on the Plaintiff's cellular telephone voice mail.  The messages left included the following:

   *-- Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn press 9 now. If you are not John Hearn please have them call 1-800 280-1565. If this is the wrong number press 8 now.*

   *-- Hello this is Stewart Griffin calling with CPC for John Hearn. If this is John Hearn press 9 now. If this is not John Hearn, have them call Stewart Griffin at 1800-918-2295. Thank you.*

   *-- Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn please press 9 now. If you are not John Hearn please have them call 1-800 315-2987. If this is the wrong number press 8 now.*

   *-- Hi. This is an important call for John Hearn. If this is John Hearn, please press 1 now. If this is not John Hearn, please have them call 1-800-918-2295.  Again our toll fee direct line is 1-800-918-2295.  Thank you.*

*-- Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn please press 9 now. If you are not John Hearn please have them call 1-800 670-2632. If this is the wrong number press 8.*

*-- Hi. This is an important message. Please call us at 800-280-1565. Again we have an important message for you. Please call us at 800-280-1565. Thank you.*

*-- Hello this is an important call for John Hearn. This is not a sales or marketing call. If you are John Hearn press 9 now. If you are not John Hearn please have him call 1-800 670-1565. If this is the wrong number press 8 now.*

23. The Defendant CPC on behalf of, and at the direction of First Financial telephoned the Plaintiff's cellular telephone more than 60 times utilizing an automatic telephone dialing system and/or leaving an artificial/prerecorded voice message for Plaintiff.

24. None of the messages left by the Defendants meaningfully identified the Defendant in violation of 15 USC 1692d(6).

25. None of the messages left by the Defendants informed the Plaintiff that Defendants were debt collectors, thereby violating 15 USC 1692e(11).

26. The Defendants' failure to meaningfully identify themselves when calling, and failure to disclose that they were a debt collector, was deceptive conduct intended to induce the Plaintiff into calling the Defendants back.

27. The Defendants' failure to meaningfully identify themselves is per se harassment under 15 USC 1692d(6).

28. The Defendants' failure to identify themselves as a debt collector is a per se violation of 15 USC 1692e and 15 USC 1692e(11).

29. Defendant First Financial is responsible and liable under the FDCPA and the TCPA for the acts of its agent CPC.

## V. CAUSES OF ACTION UNDER THE FDCPA

30. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

31. The acts and omissions of the Defendants as described herein violate several provisions of the FDCPA including but not limited to the following:

    A. Defendants violated 15 U.S.C Section 1692e;

    B. Defendants violated 15 U.S.C. Section 1692e(10)

    C. Defendants violated 15 U.S.C. Section 1692e(11)

    D. Defendantsviolated 15 U.S.C. Section 1692d

    E. Defendants violated 15 U.S.C. Section 1692d(5)

    F. Defendants violated 15 U.S.C. Section 1692d(6)

    G. Defendants violated 15 U.S.C. Section 1692c(a) and

    H. Defendants violated 15 U.S.C. Section 1692c(c).

32. The Defendant First Financial is responsible and liable for violations of the FDCPA committed by its agent CPC.

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

34. Within the one year immediately preceding the filing of this action and without the consent of the Plaintiff, the Defendants made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

35. Within the one year immediately preceding the filing of this action, and without the consent of the Plaintiff, the Defendants made numerous calls to the Plaintiff's cellular telephone and delivered an artificial/prerecorded voice message to the Plaintiff in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

36. The Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone. Even if consent had been given, Plaintiff withdrew such consent prior to Defendants calling.

37. The Defendants did not have the prior express consent of Plaintiff to use an artificial or pre-recorded voice to deliver a message to Plaintiff's cellular telephone. Even if consent had been given, Plaintiff withdrew such consent prior to Defendants calling.

38. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

39. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

40. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

41. The Defendants made at least 60 calls to the Plaintiff's cellular telephone in violation of the TCPA and C.F.R. as described herein.

42. The Defendant First Financial is responsible and liable for violations of the TCPA committed by its agent CPC.

## VII. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

43. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

44. Defendants' actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

45. The Defendants left messages on the Plaintiff's voice mail as a means to deceptively induce the Plaintiff into telephoning the Defendant. The Defendants purposefully obscured their identity and purpose for calling in an effort to trick the Plaintiff into calling the defendant.

46. As the Defendants used artificial/prerecorded messages, it is apparent that Defendants utilize the above referenced deceptive practice in connection with the attempt to collect consumer debts from New York consumers. As such Defendants' actions have a broad impact on New York consumers at large.

47. The Defendants' actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy.

48. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from telephoning the Plaintiff without properly identifying themselves and disclosing that they are a debt collector.

49. The Defendant First Financial is responsible and liable for violations of the GBL committed by its agent CPC.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages;

2. Statutory damages under the FDCPA; GBL; and TCPA;

3. Costs and reasonable attorney's fees under the FDCPA; GBL; and TCPA

4. Treble damages;

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

### DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

S/JOSEPH MAURO
Attorney for Plaintiff